[Civ. No. 13690.   Second Dist., Div. Three.   Jan. 29, 1943.]

DON D. DONATO, Appellant, v. BOARD OF BARBER EXAMINERS OF THE STATE OF CALIFORNIA et al., Respondents.

Tanner, Odell & Taft and Vernon Green for Appellant.

Earl Warren, Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondents.

Julius V. Patrosso and Earle M. Daniels as Amici Curiae on behalf of Respondents.

BISHOP, J. pro tem.—It is the policy of some states to have their courts render advisory opinions, but it is not the policy of this state. The task entrusted to us is to decide cases; the rendition of opinions is but an incident to the performance of that task. The parties before us desire an expression of our views on the constitutional question which they have argued, but because we are of the opinion that there is now no reasonable excuse for a discussion of the "merits" of the case, we have concluded we should not do so.

Plaintiff appealed from a judgment dismissing this action after the defendants' general demurrer to his amended complaint had been sustained without leave to amend. Plaintiff, the owner and proprietor of a barber shop, had alleged in his amended complaint that the defendant board intended and threatened to establish a schedule of minimum prices to be charged for the various items of barber services, as it is apparently authorized to do by section 6556, Business and Professions Code. The prayer of the amended complaint was for an injunction that the defendants be restrained and enjoined from enforcing the provisions of sections 6551-6558, 6594 and 6600.5 of the Business and Professions Code. The basic theory of plaintiff's case is that section 6556 is unconstitutional; no argument is suggested that if the provisions of this section, authorizing the adoption of a schedule of minimum prices, are valid, that any of the other sections referred to is invalid.

Before this appeal was heard the defendant board held its hearing and made its order establishing a schedule of minimum prices. Insofar, therefore, as it was sought to prevent the adoption of the schedule, the case has become moot. Consequently, unless some other issue presented by the appeal justifies our consideration of the constitutionality of the section 6556, there is no occasion to do so.

Respecting the enforcement of the code sections referred to in the amended complaint, its allegations were quite insufficient to state a cause for equitable relief. This is not surprising in view of the fact that at the time the pleading was filed the schedule had not been adopted and it could not be known whether or not the plaintiff would be hurt by its provisions, neither could it be foreseen that the defendant would be called upon to enforce the schedule against the plaintiff, nor yet the manner which it would adopt for its enforcement. Section 6558, Business and Professions Code,

provides: "Any person who violates a minimum price schedule established by the board may be enjoined by a court of competent jurisdiction upon the petition of the board." Surely an injunction will not lie to prevent the board from bringing an injunction action, should the plaintiff decide to violate the schedule.

The nearest approach to an allegation of fact on the subject of enforcement, in the amended complaint, was one to the effect that the defendant had directed the plaintiff to keep certain records, and "that if he does not keep said records, that he will be subjected to the penal provisions of said act." As the "act" has no penal provisions, this allegation adds nothing to the insufficient statement of facts.

The judgment is affirmed. (See *Brennan* v. *American Trust Co.*, (1935) 3 Cal.2d 635 [45 P.2d 207].)

Desmond, P. J., and Wood (Parker), J., concurred.